[Civ. No. 14843. Second Dist., Div. Two. Jan. 10, 1946.]

PACIFIC FREIGHT LINES (a Corporation), Appellant, v. VALLEY MOTOR LINES, INC. (a Corporation) et al., Respondents.

[Civ. No. 14844. Second Dist., Div. Two. Jan. 10, 1946.]

PACIFIC FREIGHT LINES (a Corporation), Appellant, v. PIONEER EXPRESS COMPANY (a Corporation), Respondent.

Hugh Gordon for Appellant.

Courtney L. Moore for Respondents.

WILSON, J.—A judgment for attorneys' fees and expenses incurred in proceedings before the Railroad Commission rendered against plaintiff and several other corporations was affirmed in the case of *Johnson* v. *California Interurban Motor Transportation Assn.*, 24 Cal.App.2d 322 [74 P.2d 1073]. Plaintiff paid the judgment and brought this action to recover from defendants the proportionate shares thereof for which plaintiff claims they are liable respectively. The actions were consolidated for trial and are here on consolidated appeals from judgments in favor of defendants.

The facts upon which the judgments were based are set forth fully in the decision in the Johnson case. (24 Cal.App. 2d 322, 325-330.) After the litigation had been completed the attorneys submitted an account for services and expenses, addressing the same to several corporations including Pioneer Express Company, Valley Motor Lines, Inc., and United Motor Transport Lines, Inc., respondents in the instant cases, but said three corporations were not named as defendants in the Johnson case. When that case was tried the corporate name of Pacific Freight Lines, plaintiff herein, was Motor Freight Terminal Company and is so referred to in the Johnson case.

In the Johnson decision (p. 334) seven findings of the trial court are enumerated which are held to be unsupported by the evidence, with the single exception of the finding of express ratification of the employment of the attorneys by the Pacific Freight Lines *group,* not, however, including any of the respondent corporations now before this court.

During the pendency of the litigation before the Railroad Commission the Pacific Freight Lines group with-

drew from the proceedings. Later another company filed a schedule of rates which, if allowed to become effective, would have seriously impaired the earnings of the Imperial Valley line which was one of the Pacific Freight Lines group. Thereupon said group reentered the litigation and agreed to participate in the payment of the fees and expenses in connection therewith. In so doing, said the court (p. 338), Pacific Freight Lines expressly ratified the employment of the attorneys. No one of the respondents in the pending appeals was a party to the agreement to reenter the proceedings nor to any act constituting ratification. The assertion in the decision (p. 338) that said ratification rendered the members of the group "jointly and severally liable" with the other companies is not binding on respondents because they were not parties to the Johnson case. ■ Appellant asserts that although not binding on respondents it is nevertheless a correct statement of their liability. We find nothing in the record that creates a liability on the part of any of the respondents for the payment of any part of the expenses of the litigation. The court held in the Johnson case (p. 334) that McLenegan did not have authority to make a contract for the association or for its members for the payment of attorneys' fees or costs. No valid reason appears why membership in the association should have created such liability.

■ Respondents Valley Motor Lines, Inc. and United Motor Transport Lines, Inc. were not members of either one of the associations involved in the litigation before the commission and no competitive rate installation was threatened in territory in which they were operating. Appellant's reentry into the proceedings after its withdrawal was occasioned by the jeopardy threatened to the Imperial Valley route. Respondents had no interest whatsoever in that controversy and we have not been referred to any evidence that they were consulted concerning said issue.

■ Respondent Pioneer Express Company agreed to and did contribute $1,000 toward the expense fund. In letters addressed to other transportation companies in an effort to obtain their financial support for the litigation Pioneer maintained that its responsibility was limited to said amount. Since these letters were written before appellant's withdrawal from or reentry into the proceedings it cannot successfully assert that its reentry was on the assumption that Pioneer

would pay or become liable for any greater sum than it had already paid.

These conclusions are determinative of the case and discussion of the other questions argued in the briefs is unnecessary.

The judgments are affirmed.

Moore, P. J., concurred.